## McAfee & Son *vs.* Kirk *et al.*

A levy was made on certain land and a claim interposed. The plaintiffs in *fi. fa.* filed certain equitable pleadings in aid of their levy. On demurrer, the equitable proceeding was dismissed. Thereupon counsel for plaintiffs in *fi. fa.* dismissed the levy, and the court then entered up judgment for claimants for costs. The plaintiffs in *fi. fa.* excepted and assigned error on the sustaining of the demurrer to the equitable pleadings:

*Held*, that the final disposition of the case in the court below having been voluntary on the part of the plaintiffs in *fi. fa.*, a writ of error by them will be dismissed.

November 30, 1886.

## Graham *vs.* The Dahlonega Gold Mining Company *et al.*

In certifying a bill of exceptions, the presiding judge added to the usual certificate a statement that "the accompanying explanation is part of my certificate." Following the signature of the judge was an explanation, also signed by him, to the effect that, when the bill of exceptions was tendered to him, there were some erasures and interlineations in it and some discrepancies as to facts and rulings, differing from his recollection of them; that he returned it, with his objections thereto noted, to a certain attorney, as requested by plaintiff's counsel, with the request that it be corrected and rewritten; that, after an absence from home, upon his return, he found the bill of exceptions returned to him in the same condition as before, with a note saying that he could correct the testimony as he might see proper; that he did not deem it his duty to write a bill of exceptions; and that, it being the last day allowed for certifyng, he signed the certificate with this explanation:

*Held*, that the writ of error must be dismissed on the ground that the presiding judge did not certify the bill of exceptions to be true.